Chief Justice Robertson
delivered the oeinion of the court.
Johnson, as assignee of Price, having obtained a judgment against Meredith, on a note for $700 in Commonwealth paper, Meredith and his replevin sureties iujoined the judgment for alleged usurious exactions, prior to the date of the note, which was a continuation of a series of notes of different amounts, which, during that and the preceeding year, had been given by Meredith to Price.
*261 On the final hearing, the circuit court perpetuated the. i junction to the entire judg.neit; and the appedants now complain tint the circuit court in not dissolving the injunction for some part of the judgment.
The case was loosely prepared, and it is impossible to ascertain with satisfactory certainty, from the bills, answers, and proofs, what would be the precise state of case between the parties, if it could be adjusted, by any certain data, according to the principles of equity. Enough, however, is disclosed to prove tnat outrageous exactions of interest have been made by Price of Meredith, amounting, sometimes, to as much as five per cent, a month.
The answers of Price, (especially the first) are replete with evasions and misrepresentations. But the exact amounts and dates of all the various loans do not appear. And putting upon all the fads a construction the most unfavorable-to Price, this court cannot, without venturing upon the vaguest bind of guessing, conclude with the circuit court, that Meredith owes nothing.
After scrutinizing all the fads, and analysing every circumstance that can operate legitimately, or furnish any rational clue, we are of opinion that about $110 (in Commonwealth paper) at least, were due to Price, at the date of the note sued on, We aie not authorized to determine, judicially, that he was entitled to less or to nothing, and we are willing to say that, according to such an interpretation of the fads as his own conduct will justify, he was not entitled to more. As the facts are minute and voluminous, we will not unnecessarily swell this opinion by adverting to them.
The assignment to Johnson was evidently merely colorable.
The contract was for Commonwealth notes, and the execution was endorsed for such notes. '1‘here-fore the circuit court ought, in our opinion, to have dissolved the injunction for $110, and the legal interest thereon, for which the judgment was rendered.
Jas. and Chs. Morehead, for appellants; Ewing, for appellees.
Wherefore, the decree is reversed and the cause remanded, with instructions to render a decree conformable to this opinion.
The appellants must have their costs in this court,, but should pay costs in the circuit court.