NEW YORK & BALTIMORE COFFEE POLISHING CO. v. NEW YORK COFFEE POLISHING CO., (Limited.)

*(Circuit Court, E. D. New York.  December 27, 1881.)*

1. EQUITY JURISDICTION—BILL TO PERPETUATE TESTIMONY.

    A bill for the taking of testimony *in perpetuam rei memoriam* will not be entertained, if the matter in controversy can be made the subject of immediate judicial investigation by the party who files the bill.

2. REV. ST. §§ 866, 867.

    The effect of the provision of section 867 of the Revised Statutes is not to exclude testimony taken under section 866, but to permit the courts of the United States to admit in evidence testimony perpetuated according to state law.

3. INVALID LETTERS PATENT—SUITS TO ANNUL.

    Proceedings to annul letters patent are wholly within the control of United States attorneys. There is no absolute duty imposed upon them to commence such proceedings at the request of any party who declares a patent to be invalid.

In Equity.  Demurrer to bill.

*Richards & Heald,* for plaintiff.

*Goodrich, Deady & Platt,* for defendant.

BENEDICT, D. J.  This case comes before the court upon a demurrer to the bill. The bill is filed to obtain, at the hands of this court, a direction that the testimony of a witness, named William Newell, may be taken *in perpetuam rei memoriam.*  The provision of statute

under which the bill is filed is found in section 866, Rev. St., where it is provided that "any circuit court, upon application to it as a court of equity, may, according to the usages of chancery, direct depositions to be taken *in perpetuam rei memoriam,* if they relate to any matters that may be cognizable in any court of the United States."

The allegations of the bill, which are material on the present occasion, are these:

That the complainant has been and still is using, in the city of New York, a certain process, to the use of which the defendant claims the exclusive right under letters patent of the United States; that such letters patent are void for want of novelty; that in case suit shall be brought by the defendant against the plaintiff for infringement of the said patent the plaintiff relies, for its defence, upon the testimony of William Newell; that said Newell had himself made public use in the United States of the said process for upwards of 12 years before the said patent was issued; that said Newell is upwards of 90 years of age; that the defendant has neglected, and still neglects, to bring a suit against the plaintiff for its infringement of said patent, and the plaintiff is unable to bring its rights to a judicial determination.

In support of the demurrer to this bill it is first contended that the proceeding is vain because the deposition, if taken, will never be admissible in evidence in the suit which the complainants fear. This position is supposed to be sustained by the provision in the Revised Statutes, § 867, where it is provided that "any court of the United States may, in its discretion, admit in evidence, in any cause before it, any deposition taken *in perpetuam rei memoriam,* which would be admissible in a court of the state wherein such cause is pending according to the laws thereof." But the effect of the provision last quoted is misunderstood by the defendant. The provision is intended to permit the courts of the United States to admit in evidence testimony perpetuated according to the laws of the state, and in nowise relates to testimony perpetuated by direction of a circuit court of the United States in pursuance of the statute of the United States under which this bill is filed. Testimony so perpetuated is admissible in evidence in accordance with the usages and practice of courts of the United States, and by virtue of section 866, but not by virtue of section 867. The object of the bill is, therefore, legitimate, and the proceeding not vain.

The next ground taken in support of the demurrer is that the bill does not show a necessity for perpetuating the testimony of the witness in order to preserve the plaintiff's rights, inasmuch as, upon the facts stated in the bill, it would be the duty of the attorney general, upon the application of the plaintiff, to institute a proceeding in the

name of 'the United States to annul the 'defendant's patent, in which proceeding the testimony of the witness, Newell, could be taken with like benefit to the plaintiff as if taken by direction of this court in this proceeding, or in a suit brought by the defendant against the plaintiff.

It may be admitted that in cases of this description the rule is not to sustain the bill if it be possible that the matter in question can, by the party who files the bill, be made the subject of immediate judicial investigation, (*Angell* v. *Angell*, 1 Sim. & S. 89;) but no opportunity to have such a judicial determination appears open to the plaintiff in this case.

Clearly the proceeding by the attorney general, supposed by the defendant to be possible, is not such an opportunity to bring the matter to a judicial determination as the rule requires. If it be assumed that the attorney general has power to institute a proceeding in the name of the United States to annul the defendant's patent for want of novelty,—as to which see *Attorney General* v. *Rumford Chemical Works*, 9 O. G. 1062,—still it rests with the attorney general or the United States attorney, and not with the plaintiff, to say whether such a proceeding shall be instituted, and if so where and when instituted; whether the testimony of the witness, Newell, shall form part of the testimony in such proceeding. The plaintiff is without power to compel the institution of such a proceeding, and it cannot be known that such a proceeding will ever be instituted.

It is said the presumption is that a public officer will do his duty, but such presumption does not warrant the conclusion that the attorney general or the United States attorney will, as of course, institute a proceeding to annul the defendant's patent upon the plaintiff's application and assertion that the patent is void for want of novelty. There is no absolute duty imposed upon the attorney general, or any United States attorney, either by the common law or by any statute, to institute a proceeding to annul a patent issued for an invention, when applied to by any party asserting its invalidity for want of novelty.

Besides, the right which the plaintiff asserts in this bill is the right to have the validity of the defendant's patent adjudicated upon a consideration of the testimony of the witness, Newell, in regard to the fact asserted by the bill to be within the knowledge of that witness; and if the plaintiff's application to the attorney general for a proceeding to annul the defendant's patent would create a duty on the part of the attorney general to institute such a proceeding, no duty

to call Newell as a witness would arise. Such a proceeding would be wholly within the control of the attorney general, (*Mowry* v. *Whitney*, 14 Wall. 441,) and the most that can be said is that it is possible that the plaintiff's right to the testimony of the witness could be preserved by a proceeding taken in the name of the United States, assuming, but not deciding, that the power to institute such a proceeding exists. Such a possibility affords no reason for refusing to entertain the bill under consideration.

There must be judgment for the plaintiff upon the demurrer, with leave to answer on payment of costs.