## THE WESTMINSTER. ·

(District Court, E. D. Pennsylvania.   October 4, 1899.)

1. PRACTICE IN ADMIRALTY—METHOD OF TAKING DEPOSITIONS.
    Rev. St. § 866, authorizing any of the courts of the United States to issue commissions to take depositions "according to common usage," does not require a court of admiralty to conform to the practice in the state courts, and it may by rule provide a different method for taking depositions.

2. SAME—REPRESENTATION OF ADVERSE PARTY.
    Under rule 40 in admiralty of the district court for the Eastern district of Pennsylvania, which permits parties to attend the examination of witnesses whose testimony is taken on commission, either personally or by their proctors, if the adverse party desires to be represented at such an examination he should furnish the name and address of his representative to the party taking out the commission, or to the commissioner, or file the same with his cross interrogatories, in which case it will be the duty of the commissioner to give such representative notice.

In Admiralty.   On motion to suppress depositions.   Denied.

John F. Lewis and Horace L. Cheyney, for libelant.
Henry R. Edmunds and Convers & Kirlin, for respondent.

McPHERSON, District Judge.  A commission to take testimony in London was recently issued at the instance of the claimant, and interrogatories and cross interrogatories were duly filed by the parties. The commission was executed by the vice consul, and his return shows that during the examination of the witnesses the managing clerk of a firm of English solicitors appeared, to watch the proceedings on behalf of the claimant, and that no one was present on behalf of the libelant.   The motion to suppress the depositions is based upon the presence of the clerk during the examination, coupled with the fact that no notice was given to the libelant of the time and place when the testimony was to be taken.   It is argued that section 866 of the Revised Statutes is the only source of the court's authority to issue the commission in question, and that this section requires the testimony to be taken in accordance with "common usage"; such usage, it is further argued, being the practice prevailing in the courts of Pennsylvania, which forbids an attorney or agent of the party taking out the commission to be present during the examination of the witnesses, under penalty of vitiating the proceedings.   Hollister v. Hollister, 6 Pa. St. 449, is cited as evidence of the practice in the state courts. Assuming the Pennsylvania usage to be as just stated, I do not regard it as controlling in the present instance.   In my opinion, section 866 does not require a court of admiralty to conform to the practice in the state courts.   Section 914, which provides that "the practice, pleadings and forms and modes of proceeding in civil causes    *    *    * in the circuit and district courts shall conform, as near as may be, to the practice, pleadings and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding," expressly excepts from the operation of

the section "equity and admiralty causes." So far as proceedings in admiralty are concerned, the reason is plain. There are no like causes in the state courts, and therefore there is no practice to which, in the interest of uniformity, the admiralty courts should be required to conform. When, therefore, section 866 provides that "any of the courts of the United States may grant a dedimus potestatem to take depositions according to common usage," while it may be conceded, in accordance with the decisions in Buddecum v. Kirk, 3 Cranch, 293, U. S. v. Cameron, 15 Fed. 794, and Jones v. Railway Co., Fed. Cas. No. 7,486, that "common usage" means the usage prevailing in the courts of the state in which the federal tribunal is sitting, I think it is clear that the clause just quoted is so far qualified by the exception in section 914 as to relieve courts of admiralty from such compliance with state practice as may be imposed upon a federal court of law. Of the cases cited, one was an action of debt, the second was a criminal proceeding, and the third was a civil suit apparently at law. Neither decision, therefore, rules the question now under consideration. No doubt a court of admiralty might see proper to conform its own practice in the taking of depositions to the practice prevailing in the state courts; but this is a matter of discretion, and, if its rules provide a different method, I see nothing in the Revised Statutes to prevent.

Upon the point now in controversy, the rules of this court are as follows: Rule 40 declares that "parties may attend the examination of witnesses, either personally or by their proctors; and where the proceeding is under the 31st rule [which provides for the taking of testimony in the city or county of Philadelphia] they may exhibit their interrogatories seriatim as the examination advances; but such interrogatories shall be in writing, and shall be propounded to the witness by the commissioner, and shall be noted in his return." Rule 41 provides that "parties or their proctors may, moreover, present to the commissioner, during the progress of the examination, such notes of exception and other matters as they may require to be reported by him to the court"; and rule 42 guards against possible abuses by adding: "But no party or proctor shall interfere during the examination otherwise than is allowed by the two preceding rules; and irregularities in this behalf shall be noted by the commissioner and reported by him to the court." The meaning of these rules is plain. They authorized the presence of the clerk at the examination before the vice consul, and there is no averment or proof of any other interference with the proceedings. If the libelant desired to be represented at the examination, the name of its representative should have been given to the claimant, or to the commissioner. In future it may be desirable for the parties to file with their interrogatories or cross interrogatories the name and address of the attorney or agent to whom notice of the time and place of the examination should be given. If this is done, it will be the commissioner's duty to notify such person. The motion to suppress the depositions must be denied.