WESTINGHOUSE MACH. CO. v. ELECTRIC STORAGE BATTERY CO.

(Circuit Court, D. New Jersey. December 15, 1908.)

DEPOSITIONS (§ 11*)—BILL TO PERPETUATE TESTIMONY—FEDERAL COURTS.

Under Rev. St. § 866 (U. S. Comp. St. 1901, p. 663), which provides that "in any case where it is necessary in order to prevent a failure or delay of justice, any of the courts of the United States may grant a dedimus potestatem to take depositions according to common usage," on a bill to perpetuate testimony the court must determine whether or not such necessity exists, and a bill which alleges only that defendant threatens to bring a suit against complainant for infringement of a patent, but has delayed doing so: that complainant claims the patent to be invalid, but can only establish such defense by the testimony of certain witnesses who reside in another state—does not state a case of necessity within the statute, the age or condition of health of the witnesses not being shown.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 26; Dec. Dig. § 11.*]

In Equity. On demurrer to bill.

Augustus B. Stoughton, for demurrant.
John S. Green and Melville Church, for complainant.

CROSS, District Judge. This matter comes before the court upon demurrer to the bill of complaint, which may be briefly summarized as follows: That on December 31, 1907, letters patent No. 875,213, for improvements in secondary or storage batteries, were granted to the defendant upon the alleged joint invention of Hugh Rodman and George M. Howard; that all interest and rights under said patent are now vested in the defendant; that the complainant is manufacturing batteries which the defendant claims infringe its patent; that the defendant has notified the complainant and its customers of the complainant's infringement (a copy of the notice being set forth in the bill), and has threatened to bring suit against the complainant and its customers under said letters patent; that said letters patent are invalid and void, because the said alleged invention was not a joint in-

vention as claimed in said letters patent, but was that of Hugh Rodman alone, and also because the said alleged invention was in public use and on sale by the defendant for more than two years prior to the filing of the application for said letters patent; that the complainant, in case suit were brought against it, would rely for its defense upon the invalidity of said patent, for the reasons above given; that the first of said defenses can only be proved by the testimony of Rodman, Howard, and one Edward W. Smith; that the second defense can be proved only by the testimony of said Smith and one Hugh Leslie; that all of said witnesses reside in the state of Pennsylvania, and their testimony is material and necessary to the defense of any suit that may be brought against the complainant or its customers under said patent; that the complainant is advised and believes, and therefore avers, that the defendant has neglected and still neglects to bring suit against the complainant under said patent, and that the complainant is unable to bring its rights to a judicial determination; that the defendant, notwithstanding the said notification and threats, is, as the complainant believes, purposely refraining from bringing suit under said patent against the complainant or any of its customers, in the hope that the said witnesses may die, remove beyond the jurisdiction of the court, or otherwise become unavailable to the complainant; that the complainant has reason to believe, and does believe, that it may thus be deprived of their testimony; that the complainant is advised and believes that its said defenses to said patent are difficult to establish, except by proof of the highest grade and most convincing character, and that any loss or diminution in the number of witnesses in support of said defenses may seriously jeopardize its rights and render unavailable its defenses, unless the testimony of said witnesses shall be perpetuated.

The defendant has demurred to the bill of complaint, and assigned several causes of demurrer, only the fifth of which, however, will be set forth. It is as follows:

"The averments of the bill do not present a case where it is necessary, in order to prevent a failure or delay of justice, that the depositions be taken perpetuam rei memoriam."

Section 866 of the Revised Statutes (U. S. Comp. St. 1901, p. 663) is as follows:

"In any case where it is necessary, in order to prevent a failure or delay of justice, any of the courts of the United States may grant a dedimus potestatem to take depositions according to common usage; and any Circuit Court, upon application to it as a court of equity, may according to the usages of chancery, direct depositions to be taken in perpetuam rei memoriam, if they relate to any matters that may be cognizable in any court of the United States. And the provisions of sections eight hundred and sixty-three, eight hundred and sixty-four, and eight hundred and sixty-five, shall not apply to any deposition to be taken under the authority of this section."

The grant of a dedimus potestatem by the United States courts is controlled by that section, and is limited to cases "where it is necessary, in order to prevent a failure or delay of justice." Under this clause of the statute the court must determine, from the facts presented in any case, whether such necessity as is mentioned exists, and to

this extent the statute limits the former chancery practice, which is set forth in Daniell's Ch. Plead. & Pr. (4th Ed.) p. 1572, as follows:

"A bill to perpetuate testimony must show that the facts to which the testimony of the witnesses proposed to be examined is conceived to relate cannot be immediately investigated in a court of law or equity, or that, before the facts can be adjudicated upon, the evidence of a material witness is likely to be lost by his death or departure from the realm."

The foregoing rule, in so far as we are now concerned with it, is laid down in Hall v. Stout, 4 Del. Ch. 270, in the following language:

"Bills to perpetuate testimony proceed, not on the ground of imminent risk of loss before a pending suit can reach trial, but on the ground that, the party not being in a situation to bring his title to a trial, his evidence may be lost through lapse of time, the risk affecting all the evidence, irrespective of any particular condition of a witness. The right to this relief, therefore, does not depend upon the condition of a witness, but upon the situation of the party, and his power to bring his rights to an immediate investigation.

"It is true, as stated by Sir John Leach in Angell v. Angell [1 Sim. & St. 83], that this jurisdiction is open to objections, but these are practically obviated by requiring, in the first place, that the party seeking the relief show his total inability to bring his title to trial, and also by keeping the testimony, when taken, sealed and not to be opened except by special order upon evidence showing the death or absence of the witness, or his inability to attend the trial—a rule rigidly enforced."

The complainant relies largely upon the foregoing case, which is supported not only by the authorities therein cited, but by many others, among which are Ellice v. Roupell, 32 Beav. 299; May v. Armstrong, 3 J. J. Marsh. (Ky.) 260, 20 Am. Dec. 137; Story's Eq. Plead. § 303; Booker v. Booker, 20 Ga. 777. These cases, in substance, hold that where a party is threatened with suit, but its institution is delayed and the complaining party cannot himself institute a proceeding to try his right or title, the evidence of his witnesses may be perpetuated, irrespective of their age, disability, or threatened removal. But, as already stated, this rule is modified by section 866, under which the right to a dedimus is not absolute, once a given state of facts is presented, but is limited to cases where its allowance is necessary to prevent a failure or delay of justice. Again, the proceeding invoked herein never was, and is not now, looked upon with especial favor by the courts. In referring to it, Judge Wallace, speaking for the Circuit Court of Appeals for the Second Circuit, in Flower v. MacGinniss, 112 Fed. 377, 378, 50 C. C. A. 291, 292, says:

"The right of parties to obtain testimony, where it is necessary in order to prevent a failure or delay of justice, is carefully preserved by section 866 of the Revised Statutes, but this must be pursued by application to the court and upon such application the court will not sanction a merely inquisitorial proceeding."

In Zych v. American Car & Foundry Co. (C. C.) 127 Fed. 723, Judge Thayer, at page 727 of 127 Fed., says:

"The right to a dedimus exists, as it seems, under this statute, when there is a well-founded apprehension of a failure or delay of justice. In many cases which might be supposed it might be found necessary, after a suit is brought, to obtain the testimony of a witness in advance of the trial to prevent a failure or delay of justice, and no good reason occurs to the mind of the court why a dedimus should not be granted when to refuse it would lead to a denial of justice or to unreasonable delay in obtaining it. The usual ob-

jection that is made to granting a dedimus for the taking of testimony in advance of the trial is that parties are often disposed to abuse the privilege by inquiring needlessly into the private affairs of others, and taking reams of testimony having no relation to the pending suit, for some ulterior purpose. This practice, as a matter of course, should be discouraged by every means within the control of the court. A court is not bound to award a dedimus simply because it is asked for or on account of every shallow pretense that may be advanced. It should take pains to inquire into the good faith of the application and the grounds upon which the application is based, and never hesitate to refuse a dedimus unless it is satisfied that the trial will be unduly delayed or that there may be a failure of justice if the application is not granted."

Again, Judge Hunt, in Magone v. Colorado Smelting & Mining Co. et al. (C. C.) 135 Fed. 846, referring to the statute in question, says:

"If the complainant were seeking to procure a dedimus as specified in section 866, it would be necessary that he make a showing of the necessity for taking such depositions to prevent the failure or delay of justice."

The statute in question is, however, not difficult of construction. What it says upon the question under consideration, it says plainly and pointedly. It did not prescribe, as had been the practice, that upon allegation in proper form of certain facts a dedimus should issue as a matter of course, but, on the contrary, it provided that the court should pass upon the facts and allow the dedimus if and when necessary to prevent a failure of delay of justice. For anything that appears in the bill of complaint, I cannot see, even if a dedimus is denied, but that justice is as likely to prevail in the threatened suit, if it shall be instituted, as it would in almost any other imaginable case, since in all cases witnesses are liable to die, become incapacitated, or disappear. In the case at bar the witnesses whose testimony it is sought to perpetuate all reside in an adjacent state, and nothing whatever is averred in the bill as to their age, infirmity, or intention to leave the country. It is true the bill alleges that the complainant has reason to believe, and does believe, that it may be deprived of the testimony of said witnesses by reason of their death, removal, or otherwise; but such allegation is unavailing in the absence of any reason for such belief, or any facts from which the court can determine whether there is any reasonable foundation for such belief. We have presented in this case, then, a threatened suit and certain alleged defenses which can only be proved by the persons named in the bill of complaint, coupled with an allegation of belief that said suit is delayed from improper motives. Do these facts show that there will necessarily be a failure of justice in case the testimony of the witnesses is not taken and preserved? If so, it would seem that a dedimus might properly issue, if asked for, in practically every case in which a suit were threatened, but not immediately instituted. To open the door so widely would not only congest the equity side of the court with proceedings of this character, but—and this is more to the point —would, in my opinion, plainly violate the direction of the statute. I think the statute does not contemplate any such loose procedure; if it did, it would have been so stated, and nothing committed to the discretion of the court. It is true that in the case of New York & Baltimore Coffee Polishing Co. v. New York Coffee Polishing Co.

(C. C.) 9 Fed. 578, a dedimus was granted by Judge Benedict in a patent case, but it appears that the witness whose testimony was ordered to be preserved was upwards of 90 years of age. That case is therefore materially unlike and clearly distinguishable from the one at bar. Neither of the defenses set up against the defendant's patent is in any wise extraordinary or unusual, either in its essence or method of proof, while that of prior use may truly be said to be one of the most common in patent cases. Counsel for the defendant upon the argument stated that if the complainant would admit that it was infringing the defendant's patent, if valid, the defendant would institute suit thereon at once. This circumstance, while not regarded as controlling, nevertheless tends to show that the defendant is not delaying its suit for the purpose alleged in the bill.

For the reasons above given, I am constrained to sustain the fifth cause of demurrer.