WESTINGHOUSE MACH. CO. v. ELECTRIC STORAGE BATTERY CO.

(Circuit Court of Appeals, Third Circuit. June 3, 1909.)

No. 36.

1. COURTS (§ 262*)—BILL TO PERPETUATE TESTIMONY—JURISDICTION OF CIRCUIT COURTS.

The second clause of Rev. St. § 866 (U. S. Comp. St. 1901, p. 663), which provides that "any Circuit Court upon application to it as a court of equity, may, according to the usages of chancery direct depositions to be taken in perpetuam rei memoriam if they relate to any matters that may be cognizable in any court of the United States," is wholly separate from the first clause authorizing any federal court, where necessary in order to prevent a failure or delay of justice in a pending case, to grant a dedimus protestatem to take depositions according to the common usage, and is a recognition and regulation of the general power of the federal courts as courts of chancery under Const. art. 3, § 2, to entertain bills to perpetuate testimony, where the complainant cannot himself bring the matter to which the desired testimony relates into present judicial investigation.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 262.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

**2.** Depositions (§ 20*)—Bill to Perpetuate Testimony—Federal Courts.

A complainant may maintain a bill in equity in a Circuit Court to perpetuate testimony, where it shows that defendant charges that an article manufactured and sold by complainant infringes a patent owned by defendant, and threatens suits against complainant and its customers but refuses to bring such suits, and that complainant can prove that such patent is void by the testimony of certain designated witnesses but not otherwise.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 31; Dec. Dig. § 20.*]

Appeal from the Circuit Court of the United States for the District of New Jersey.

For opinion below, see 165 Fed. 992.

Melville Church, for appellant.

A. B. Stoughton, for appellee.

Before GRAY and BUFFINGTON, Circuit Judges, and BRADFORD, District Judge.

BUFFINGTON, Circuit Judge. This is an appeal by the Westinghouse Machine Company from a decree of the Circuit Court for the District of New Jersey sustaining a demurrer and dismissing a bill in equity filed by said company against the Electric Storage Battery Company. Such bill alleged the appellant company was making, using, and selling electrical storage batteries which appellee claimed infringed its letters patent No. 875,213; that appellee had so notified appellant and its customers, and threatened, but failed to bring, suit for such infringement; that appellant believed such patent was void, because, while issued as a joint, it was the sole, invention of one of the patentees, and it had also been in public use and on sale for more than two years prior to application. The bill further alleged that these facts could only be effectively established by proof of the highest grade; that it could now be done by available named witnesses; that this testimony might be lost by their death or removal from the country; that appellee did not bring suit in the hope that such testimony might be lost; and that appellant could not bring the matter to judicial determination. The bill therefore prayed leave to perpetuate the testimony of such witnesses in perpetuam rei memoriam.

This bill was filed pursuant to Rev. St. § 866 (U. S. Comp. St. 1901, p. 663), which provides:

"In any case where it is necessary, in order to prevent a failure or delay of justice, any of the courts of the United States may grant a dedimus potestatem to take depositions according to common usage; and any Circuit Court, upon application to it as a court of equity, may, according to the usages of chancery, direct depositions to be taken in perpetuam rei memoriam, if they relate to any matters that may be cognizable in any court of the United States."

Basing its action on the fifth ground of demurrer, viz., "The averments of the bill do not present a case where it is necessary in order to prevent a failure or delay of justice that the depositions be taken perpetuam rei memoriam," the court below, in an opinion reported at 165 Fed. 992, drew no distinction between an application in a pending case

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

under the first clause for a dedimus "to take depositions according to common usage," and an original bill in perpetuam rei memoriam "according to the usages of chancery" under the second clause, in the "Circuit Court, upon application to it as a court of equity." We, however, are of opinion the two clauses are distinct and independent, contemplate different procedures, and the provisions of the first do not affect the second. And in this view we find support of authority.

Since general chancery jurisdiction was vested in the federal courts by the Constitution itself (article 3, § 2), it follows that the provisions of Rev. St. § 866, in reference to Circuit Courts as courts of equity entertaining bills to perpetuate testimony, are but regulations or extensions of chancery jurisdiction in and to particular federal courts, and not the origin of such jurisdiction in federal courts generally. 2 Bates on Federal Procedure, § 663. Now the provision in that act for a dedimus is not for an original bill, or, indeed, for chancery relief, but for a supplementary proceeding in a case already brought. Thus the statute refers to pending cases by the words, "In any case where it is necessary, in order to prevent a failure or delay of justice," and to federal courts generally in the words, "any of the courts of the United States." Moreover, the power thus granted is not to be exercised "according to the usages of chancery," but "according to common usage." What this latter means is stated by Chief Justice Marshall in Buddicum v. Kirk, 3 Cranch, 295, 2 L. Ed. 444:

"By a subsequent part of the section, depositions may be taken by dedimus potestatem, according to common usage. The laws of Virginia, therefore, are to be referred to on the subject of notice."

The jurisdiction of courts of equity to entertain bills for the perpetuation of testimony is undoubted. In Booker v. Booker, 20 Ga. 780, it is said it dates to the reign of Philip and Mary. It is by original bill, and exists where the complainant has an interest which he cannot make the subject of judicial inquiry and the testimony in support of such interest may be lost before such inquiry is made. In the Equity Draftsman, p. 358, it is said:

"If the party who files the bill can, by no means, bring the matter in question into present investigation, * * * there courts of equity will entertain such a suit, for otherwise the only testimony which could support the plaintiff's title might be lost by the death of the witness."

Daniel's Chancery, 1573, says:

"A bill to perpetuate testimony must show that the facts to which the testimony of the witnesses proposed to be examined is conceived to relate cannot be investigated in a court of law or equity, or that, before the facts can be adjudicated upon, the evidence of a material witness is likely to be lost by his death or departure from the realm."

Now, while a demurrer to such a bill was sustained in Angell v. Angell, 1 Eng. Ch. Rep. 89, the ground to sustain such bill is thus stated:

"But if the party who files the bill can, by no means, bring the matter in question into present judicial investigation, * * * there courts of equity will entertain such a suit; for, otherwise, the only testimony which would support the plaintiff's title might be lost by the deaths of his witnesses."

In Ellice v. Roupell, 32 Beav. 303, the Master of the Rolls said:

"The course which the court always adopts, in bills to perpetuate testimony, is very simple and straightforward. Where a person files such a bill raising an issue which can be tried at once at law, this court holds that is not a case for a bill to perpetuate testimony. * * * But where a person in possession of an estate hears that another intends to impeach his title, upon the ground that the title deed by which he holds the estate is a forgery, then, as the person in possession can take no step to establish his title, and as the person out of possession will not bring an ejectment against him until his witnesses are dead, it has always been held that the person in possession may file a bill to perpetuate the testimony of his own witnesses in order to frustrate the design of the person who delays bringing forward his case until the witnesses who can speak to the truth of the defense are no longer in existence."

Equity assumed this jurisdiction in our American courts. Thus in May v. Armstrong, 26 Ky. 261, 20 Am. Dec. 137, it is said:

"The use of the proceeding is to give notice to those who may be waiting for the death or removal of witnesses, and destruction of evidence, to assert claims which might then succeed, but which could not if the testimony in existence is perpetuated, and by such notice to lay the foundation for introducing the testimony taken and preserved by authority of the court, although the witnesses are dead, whenever, thereafter, the defendants may attempt to assert their claims."

Likewise in Georgia, Booker v. Booker, supra, says:

"Where the application is to perpetuate testimony in cases where there is no suit, * * * the applicant must show that the facts to which the testimony of the witnesses proposed to be examined relates cannot be immediately investigated in a court of law, * * * so that, before the investigation can take place, the evidence of a material witness is likely to be lost by his death or departure from the country."

In Hall v. Stout, 4 Del. Ch. R. 272, the Chancellor said:

"The complainant was in the exact situation entitling a party to the relief sought by the bill. * * * Evidence material to his title rested in the exclusive knowledge of two witnesses, and, being himself in possession, it was not in his power to bring the title to a trial at law under immediate judicial investigation, so as to secure evidence against loss by the death of these witnesses. These are the grounds of this sort of relief. * * * To deprive the complainant of this relief, it must appear to rest in his own power, and not at all in the option of his adversary, whether to bring the title to a present judicial investigation. * * * Bills to perpetuate testimony proceed, not on the ground of imminent risk of loss before a pending suit can reach a trial, but on the ground that, the party not being in a situation to bring his title to a trial, his evidence may be lost through lapse of time, a risk affecting all evidence, irrespective of any particular condition of a witness. The right to this relief, therefore, does not depend upon the condition of the witness, but upon the situation of the party, and his power to bring his rights to an immediate investigation."

Such appears also to be the view of American text-book and digest writers: 9 Am. & Eng. Ency. of Law, p. 312; Story's Equity Pleading, § 303; and 1 Foster's Fed. Procedure, § 279, where it is said:

"Such a bill must also show * * * some ground of necessity for perpetuating the evidence, as that the facts to which the testimony of the witnesses proposed to be examined relate cannot be immediately investigated in a court of law or equity, or, if they can be immediately investigated, that the right to commence such a suit or action belongs exclusively to the defendant. It will thus appear that the jurisdiction of a court of equity to entertain a bill to perpetuate testimony is clear, and that Rev. St. § 866, is but

an explicit recognition and regulation of that power as applied to the Circuit Courts than the vesting of original jurisdiction in federal courts."

That the statute is to be liberally construed, and, indeed, that the remedy may be exercised where a suit is pending, is shown in Richter v. Union Trust Company, 115 U. S. 55, 5 Sup. Ct. 1162, 29 L. Ed. 345, where, on denying an application to take testimony in a case pending on appeal to that court, the Supreme Court treated the in perpetuam clause as standing alone (as did also Judge Brown in Green v. Compagnia Co. [D. C.] 82 Fed. 494), and said:

"Under Rev. St. § 866, any Circuit Court, upon application to it as a court of equity, may, according to the usages of chancery, direct depositions to be taken in perpetuam rei memoriam if they relate to any matter that may be cognizable in any court of the United States. There is nothing in the motion papers to indicate that the appellant may not proceed under this statute to take and perpetuate his testimony, if he has reason to fear that it will otherwise be lost."

In the light of this undoubted jurisdiction, under "the usages of chancery," of courts of equity to entertain bills to perpetuate testimony, in situations similar to the appellant's, we are clear this demurrer should have been overruled. The interest of the appellant in the subject-matter, its inability to bring suit or make appellee's patent a subject of judicial inquiry, and the risk that the testimony in its favor may be lost, warranted the relief sought. Such a bill was maintained in a case involving patent rights in N. Y. & Balti. Coffee Polishing Co. v. N. Y. Coffee Polishing Co. (C. C.) 9 Fed. 578.

The decree below is therefore reversed, with directions to reinstate the bill, overrule the demurrer, and enter a decree in favor of complainant.