## PETERSIME INCUBATOR CO. v. BUNDY INCUBATOR CO.

### No. 7713.

Circuit Court of Appeals, Sixth Circuit.
Nov. 3, 1937.

H. A. Toulmin, Jr., of Dayton, Ohio (H. A. Toulmin, of Dayton, Ohio, on the brief), for appellant.

Albert L. Ely, of Cleveland, Ohio (John M. Cole, of Springfield, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from an order of the District Court dismissing a bill of complaint praying for leave to take depositions in perpetuam rei memoriam under 28 U.S.C. § 644 (28 U.S.C.A. § 644).[1]

The parties are competitors in the business of manufacturing incubators, appellant being the owner of Petersime patent No. 1,562,787, and appellee being the owner of Stover patents Nos. 1,911,249, and 1,911,250. On August 6, 1935, appellant filed a bill of complaint (Equity Case No. 391, Southern District of Ohio, Western Division) in which it prayed for an injunction, accounting and damages for acts of alleged unfair competition, and also that a declaratory judgment be entered under section 274d of the Judicial Code (28 U. S.C. § 400 [28 U.S.C.A. § 400]), adjudging and decreeing that the incubators and hatchers manufactured by appellant are not infringements of appellee's patents.

[1] 28 U.S.C. § 644 (28 U.S.C.A. § 644).
"In any case where it is necessary, in order to prevent a failure or delay of justice, any of the courts of the United States may grant a dedimus potestatem to take depositions according to common usage; and any district court, upon application to it as a court of equity, may, according to the usages of chancery, direct depositions to be taken in perpetuam rei memoriam, if they relate to any matters that may be cognizable in any court of the United States. And the provisions of sections 639 to 641 of this title shall not apply to any deposition to be taken under the authority of this section."

The bill of complaint herein, Equity Case No. 420, was filed November 2, 1936. It set forth that certain alleged prior uses by McCoy Electric Incubators, Inc., of Cleveland, Ohio, and by Robert B. P. Crawford, of Chicago, Illinois, invalidated the Stover patents. A later amendment to the bill added an allegation of similar prior use by Petersime. The bill also averred that unless immediate proof concerning these uses were now taken and preserved it might be rendered unavailable or available only in part; that certain necessary records of such prior uses were subject to loss by fire or other destruction, and that the persons who had information and knowledge concerning the records in question were subject to the hazards of sickness or accident and other causes leading to death or removal.[2]

The District Court held in substance that as depositions de bene esse under 28 U.S.C. § 639 (28 U.S.C.A. § 639), or under the dedimus clause of 28 U.S.C. § 644 (28 U.S.C.A. § 644), could be taken upon all questions of prior use in the equity suit previously filed by appellant (No. 391), the motion to dismiss the bill of complaint must be sustained. Appellant assigns error to this ruling upon the ground that 28 U.S.C. § 644 (28 U.S.C.A. § 644), which provides for depositions under a bill to perpetuate testimony, gives a distinct and separate right to take depositions from that given by 28 U.S.C. § 639 (28 U.S.C.A. § 639), which provides for the taking of depositions de bene esse in a pending suit. In this connection appellant cites the last sentence of section 644, which declares that the provisions of section 639 to section 641 do not apply to any deposition taken under the authority of section 644. Appellant therefore contends that it is immaterial whether depositions de bene esse can be taken, and that under section 644 it is entitled as of right to take depositions in the instant case.

But the fact that the prerequisites of depositions de bene esse are not the same as those of depositions taken under a bill to perpetuate testimony does not determine the question in favor of appellant. Neither is the fact that the dedimus clause of section 644 is separate and distinct from the clause providing for bills to perpetuate testimony [Westinghouse Machine Co. v. Electric Storage Battery Co., 170 F. 430, 25 L.R.A.(N.S.) 673 (C.C.A.3)] conclusive. The prerequisites of the bill to perpetuate testimony are stated in the recent case of Arizona v. California, 292 U.S. 341, 54 S.Ct. 735, 737, 78 L.Ed. 1298, in which the Supreme Court declared that "it must appear that the facts which the plaintiff expects to prove by the testimony of the witnesses sought to be examined will be material in the determination of the matter in controversy; that the testimony will be competent evidence; that depositions of the witnesses cannot be taken and perpetuated in the ordinary methods prescribed by law, because the then condition of the suit (if one is pending) renders it impossible, or (if no suit is then pending) because the plaintiff is not in a position to start one in which the issue may be determined; and that taking of the testimony on bill in equity is made necessary by the danger that it may be lost by delay." Cf. Westinghouse Machine Co. v. Electric Storage Battery Co., supra. This record shows that a suit is pending in which it is possible either to take depositions of witnesses or to record their testimony as to the existence of the very facts which appellant wishes to establish and to perpetuate such testimony in the "ordinary methods prescribed by law." Proof of every instance of prior use which appellant sets forth can be offered in case No. 391. While paragraph 9[3] of the bill of complaint (No. 391) attacks the validity of the Stover patents only indirectly, and the positive defense stated therein is that of non-

---

[2] The bill of complaint fails to allege that any of the persons whose testimony is desired are old, infirm, or about to leave the jurisdiction. Cf. New York & B. Polishing Co. v. New York Polishing Co. (C.C.) 9 F. 578, in which the testimony desired was of a witness more than ninety years old.

[3] "9. Plaintiff avers that the method it employs and the apparatus that it employs for the practice of the method have in substance been used by it and its customers in the same manner and with the same results since 1925, more than two years prior to the filing date of said Letters Patent, and therefore could not be construed as a matter of law and as a matter of fact as coming within the scope of said patents because otherwise said patents would be invalid; and plaintiff avers that it does not manufacture, use or sell anything covered by said patents nor practice the method taught or covered thereby and that it does not infringe said patents."

938

infringement, this fact has no weight, considering the amendment filed by appellant on April 21, 1937, in which the invalidity of the Stover patents is squarely asserted upon the ground of the alleged prior uses by the McCoy Electric Incubators, Inc., Crawford, and Petersime. Also the filing of the amendment pleading invalidity of the Stover patents renders moot any question arising out of the contention that non-infringement only was pleaded in the original equity bill (No. 391). It therefore rests in appellant's own power, and not in the option of its adversary (Hall v. Stout, 4 Del. Ch. 269, 272), to bring about an immediate judicial investigation of the defenses upon which it relies. The fact, as urged by appellant, that depositions taken under a bill of this kind can be used in any suit while depositions de bene esse can be employed only in suits between the same parties and relating to the same subject-matter, is not sufficient ground for sustaining the bill. Paraphrasing the words of the statute, it would not be "according to the uses of chancery" to permit depositions to be taken in an independent proceeding when all the testimony relevant and material to the issues is or can be made available in the trial of case No. 391.

The order is affirmed.