**DAITZ FLYING CORPORATION v. UNITED STATES.**

Civ. No. 2753.

District Court, E. D. New York.

March 8, 1945.

John M. Keating, of New York City, for plaintiff.

T. Vincent Quinn, U. S. Atty., of Brooklyn, N. Y. (Morris K. Siegel, Asst. U. S. Atty., of Brooklyn, N. Y., and Irving R. Brand, of counsel), for defendant.

MOSCOWITZ, District Judge.

A pre-trial conference in the above-entitled civil action was directed by the court for the purposes set forth in Rule 16 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following § 723c, upon the statement of both sides that it might prove advantageous and both sides have appeared at a number of continued pre-trial conferences. Orders were submitted by each side containing widely different recitals of the action taken at the conferences, the agreements made by the parties and the issues not disposed of by admissions or agreements of counsel.

After the first conference, the defendant evidenced a reluctance to submit to and participate in the pre-trial and the variance in the orders arises from the assertion by the defendant that the government is not bound by the statements made by its counsel at such a conference. During the pre-trial conference, a representative of the United States Attorney made the following unequivocal statement regarding the third and fourth causes of action asserted in the amended complaint (appearing at page 83 of the record): "Our position is that there are no disputes as to facts under 3 and 4. It is solely a question of law under contracts 3 and 4. I admit you were ready, able and willing to perform and that we did not permit you to."

In the order which it has submitted, the defendant has sought to change the position above asserted and to interpose various issues of fact to the third and fourth causes of action. This the court has denied.

The instant suit is brought against the United States within the permission granted by the Tucker Act, 28 U.S.C.A. § 41 (20). The course of procedure and the rules of the district courts are made applicable to suits brought under the Tucker Act by 28 U.S.C.A. § 761. The Federal Rules of Civil Procedure have been applied to ac-

tions authorized by the consent of the United States to be sued granted by the Tucker Act. See the determinations of this court in United States v. American Surety Co., D.C.1938, 25 F.Supp. 700, and Boerner v. United States, D.C.1939, 26 F.Supp. 769.

Rule 16 authorizes the court to direct the attorneys to appear for a pre-trial conference "in any action", which refers to all civil actions, and no exception is made for an action in which the United States is a party. The United States Attorney must appear and his failure to do so would subject the government to the same sanctions which may be imposed against a private litigant. The United States is also bound by any agreements or admissions its counsel make at a pre-trial conference to the same extent as a private litigant is bound by the statements made by his attorney. When the United States appears as a suitor, it places itself upon the same footing as other litigants and is not entitled to remedies which cannot be granted to other litigants. See Maxwell v. United States, 4 Cir., 1925, 3 F.2d 906. The defendant has cited to the court the case of Wallace v. United States, 2 Cir., 142 F.2d 240, as compelling the absolution of the United States from any agreements made by its attorneys on the ground that no authority exists in such attorneys to waive any defense which the United States might have. That case involved a waiver of the Statute of Limitations as a defense by failing to assert it and is not applicable to the present situation in which the attorneys appeared for the United States at a pre-trial conference and agreed that no issues of fact existed to be litigated. It appears that the Judiciary Committee considering the original Rules considered a statute of limitations as substantive law and intended that the Rules should govern only when there is no federal or state statute on the subject. See Mount Tivy Winery, Inc., v. Lewis, D.C. Cal.1942, 42 F.Supp. 636, 640. Here involved is a course of procedure only.

The United States is bound by the statements of its attorneys made at a pre-trial conference concerning matters which are properly under consideration by the court. The court has signed the order submitted by the plaintiff, with certain modifications, which accurately sets forth what the record shows took place at the conference.