### MOSSELLER v. UNITED STATES.

No. 22, Docket 20245.

Circuit Court of Appeals, Second Circuit.

Decided Nov. 27, 1946.

James B. Magnor, of New York City (John F. X. McGohey, U. S. Atty., Kirlin, Campbell, Hickox & Keating, Charles N. Fiddler, and Vernon S. Jones, all of New York City, on the brief), for appellant.

Simone N. Gazan, of New York City, for appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The important question on this appeal is whether the district court had jurisdiction to authorize the taking of a deposition to perpetuate testimony for use in an action to be thereafter commenced in the admiralty seeking damages for personal injuries from the United States of America. A further question as to the appealability of the order granting the authorization has already been decided against the appellee on her preliminary motion to dismiss the appeal, but she has renewed her contention at the argument on the merits.

Petitioner's son, a minor, was severely injured while on duty as a seaman aboard a vessel owned by the United States, allegedly because of the negligence of a fellow seaman. Petitioner intended to institute suit for personal injuries on behalf of her son against the United States under the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752, as extended by Public Law 17, Act of March 24, 1943, c. 26, 57 Stat. 45, 50 U.S.C.A. Appendix, § 1291. But under the latter Act and regulations issued pursuant to it, she was prevented from bringing suit until she had filed a claim against the United States and until either the claim had been administratively disallowed or sixty days had elapsed from the date of its filing. As shown by affidavits, medical opinion indicated that her son might die before the time elapsed. If he died before his suit could be brought, petitioner could nevertheless bring suit for the loss of his support and for his pain and suffering. Her case would naturally be weakened by the loss of his testimony. She therefore petitioned for an order authorizing the taking of his deposition, and the United States appeared specially to object and now appeals from the granting of the petition.

Bills for depositions to perpetuate testimony were well known in Roman law and in English chancery practice before the adoption of the United States Constitution. Mason v. Goodburne, Rep.Temp.Finch, 391, 23 Eng.Rep. 214, Ch. 1678; Story, Equity Pleading, 2d Ed., §§ 299–306. The principles of this English chancery practice were written by Congress into the Act of 1789, 1 Stat. 90, now embodied in 28 U.S.C.A. § 644. Green v. Compagnia Generale Italiana Di Navigation, D.C.S.D.N.Y., 82 F. 490, 494, 495, affirmed 2 Cir., 102 F. 650. And the Supreme Court has declared its own jurisdiction to authorize the taking of such depositions in aid of original proceedings to be brought before it. Arizona v. California, 292 U.S. 341, 347, 54 S.Ct. 735, 78 L.Ed. 1298. The statute provides broadly that "any district court, upon application to it as a court of equity, may, according to the usages of chancery, direct depositions to be taken in perpetuam rei memoriam, if they relate to any matters that may be cognizable in any court of the United States." With a statute so extensive it seems clear that, contrary to the argument upon the part of the United States, the equity proceeding thus authorized may be utilized to perpetuate testimony for use in an admiralty libel; and this was so held by Judge Addison Brown in Green v. Compag-

382

nia Generale Italiana Di Navigation, supra, D.C.S.D.N.Y., 82 F. 490. This case was cited with approval in Arizona v. California, supra; and see also The West Ira, D.C.E.D.La., 24 F.2d 858, reversed for errors in procedure only sub nom., Todd Engineering, Dry Dock & Repair Co. v. United States, 5 Cir., 32 F.2d 734; 3 Benedict on Admiralty, 6th Ed., § 401, p. 103. Moreover, the entire statute (covering also depositions under dedimus potestatem) has been resorted to in matters of admiralty, The Osceola, D.C.S.D.N.Y., Fed. Cas. No. 10,602; The Westminster, D.C.E.D.Pa., 96 F. 766; The Alexandra, D.C.S.C., 104 F. 904; The Samuel, 1 Wheat. 9, 14 U.S. 9, 4 L.Ed. 23, bankruptcy, 2 Collier on Bankruptcy, 14th Ed., 325, 326, and (by the majority view) criminal-law jurisdiction, Federal Rules Criminal Procedure, Rule 15(a), 18 U.S.C.A. following section 687, and Committee Note; Wong Yim v. United States, 9 Cir., 118 F.2d 667, certiorari denied 313 U.S. 589, 61 S.Ct. 1112, 85 L.Ed. 1544; United States v. Dunn, D.C.S.D.N.Y., 55 F.Supp. 535; cf. Luxenberg v. United States, 4 Cir., 45 F.2d 497, certiorari denied 283 U.S. 820, 51 S.Ct. 345, 75 L.Ed. 1436. It would be an unwarranted narrowing of its broad scope to deny its applicability to testimony of the kind here involved.

The present practice is now found in Federal Rules Civil Procedure, Rule 27, 28 U.S.C.A. following section 723c, which, as the Advisory Committee's note points out, both preserves the remedy by separate action and also provides a simple method of procedure by petition in the district court of the United States in the district of the residence of any · expected adverse party. That it rests upon the same chancery basis as does the statutory right is shown by its applicability to testimony "regarding any matter that may be cognizable in any court of the United States." Federal Rules Civil Procedure, Rule 27(a) (1). And since the rules apply to proceedings formerly cognizable in equity, Federal Rules Civil Procedure, Rule 1, respondent's contention that this is a proceeding in admiralty to which the rules do not extend is not well taken. The rule is important here, because it does afford a simple ancillary or auxiliary remedy to which the usual federal jurisdictional and venue requirements do not apply. See complete discussion in 2 Moore's Federal Practice 2506–2508. The proceeding lends itself naturally to such treatment, since its purpose is not the determination of substantive rights, but merely the providing of aid for the eventual adjudication of such rights in a suit later to be begun. The petition at bar therefore properly conformed to the procedural requirements of the rule. Under Federal Rules Civil Procedure, Rule 27(a) (3), the court may grant an order to take the deposition if it is satisfied that a failure or a delay of justice may thereby be prevented. What circumstances show a possible failure or delay of justice sufficient to call for the issuance of an order is obviously a matter for the sound discretion of the district court. The court here was satisfied with the showing of an unfavorable medical prognosis for the injured seaman, and we do not find any abuse of discretion there. Indeed, the court might have issued the order without such a medical showing, for "the right to this relief, therefore, does not depend upon the condition of the witness, but upon the situation of the party [petitioner], and his power to bring his rights to an immediate investigation." Hall v. Stout, 4 Del.Ch. 269, 274, quoted in Westinghouse Mach. Co. v. Electric Storage Battery Co., 3 Cir., 170 F. 430, 433, 25 L.R.A.,N.S., 673, and in 2 Moore's Federal Practice 2519, 2520.

The ancillary character of the proceeding answers the contention of the United States that its consent is required before a petition under Federal Rules Civil Procedure, Rule 27, may be brought against it. By the Suits in Admiralty Act, as extended by Public Law 17, Congress has consented to suits against the United States by injured seamen. Having consented to suit, the United States should be held to have placed itself in the position of an ordinary litigant before the court, to whom the rules of civil procedure ordinarily apply. Daitz Flying Corp. v. United States, D.C. E.D.N.Y., 4 F.R.D. 372. Moreover, Congress has stipulated that suits under the Act shall be determined according to the rules of practice in a like case between private

parties. 46 U.S.C.A. § 743. Orders to perpetuate testimony under Federal Rules Civil Procedure, Rule 27, or the statute are a part of that practice. Indeed, the applicability of the rule may be asserted as to all claims against the United States of which the district court has jurisdiction. 2 Moore's Federal Practice 2455, 2456, Pike and Fischer, Discovery Against Federal Administrative Agencies, 56 Harv. L. Rev. 1125; Rep. of Proposed Amendments to Rules of Civ. Proc., June, 1946, 114–116. And since the proceeding is auxiliary, and is not upon the claim itself, there is no reason for the application of Public Law 17, which, indeed, would defeat the very purpose and occasion for it. We do not regard as in point cases such as United States v. Dry Dock Sav. Inst., 2 Cir., 149 F.2d 917, or Becker Steel Co. of America v. Cummings, 2 Cir., 95 F.2d 319, certiorari denied 305 U.S. 604, 59 S.Ct. 64, 83 L.Ed. 384, which, however ancillary the proceedings, nevertheless involved affirmative claims against the government, and not merely procedural steps looking to the eventual assertion of a claim.

Nor do we see grounds to reconsider our earlier decision denying petitioner's motion to dismiss the appeal. The order authorizing the taking of the deposition is a final order for the purpose of appealability, because it grants all the relief sought in the petition and disposes of the proceeding. Todd Engineering, Dry Dock & Repair Co. v. United States, supra; Baush Mach. Tool Co. v. Aluminum Co. of America, 2 Cir., 63 F.2d 778, certiorari denied Aluminum Co. of America v. Baush Mach. Tool Co., 289 U.S. 739, 53 S.Ct. 658, 77 L. Ed. 1486; Westinghouse Mach. Co. v. Electric Storage Battery Co., supra; Petersime Incubator Co. v. Bundy Incubator Co., 6 Cir., 93 F.2d 936; cf. Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494; Bowles v. Bay of New York Coal & Supply Corp., 2 Cir., 152 F.2d 330. If such orders were not held final and appealable, a plaintiff who had taken a deposition could wait several years before deciding to bring suit and the putative defendant could not during this time question the propriety of the order by an appeal. So a plaintiff might later be able to bring the suit in another district, thus cutting off a direct right of appeal and leaving serious question as to the defendant's right to make a collateral attack upon the order by objection to introduction of the evidence in the second district. We see no conflict between this conclusion and the emphasis, noted above, upon the ancillary nature of the proceeding. Necessarily a proceeding for ancillary relief may often result in a final order which is reviewed on appeal. See, e.g., Krippendorf v. Hyde, 110 U.S. 276, 287, 4 S.Ct. 27, 28 L.Ed. 145; Eichel v. U. S. Fidelity & Guaranty Co., 245 U.S. 102, 38 S.Ct. 47, 62 L.Ed. 177; Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449, 88 A.L.R. 496; Cogen v. United States, 278 U.S. 221, 225, 49 S.Ct. 118, 73 L.Ed. 275; Cheng Wai v. United States, 2 Cir., 125 F.2d 915. The situation is not changed by the fact (as we are told in the briefs) that a libel in personam has now been commenced in the district court.

Affirmed.