## Challenor v. Commonwealth.

(Decided April 21, 1933.)

L. B. ALEXANDER for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Appellant was convicted of the offense of rape and sentenced to serve 15 years in the penitentiary. He appeals.

The sole ground urged for reversal is that the verdict is flagrantly against the evidence. For the commonwealth, the following proof was adduced: The prosecutrix, Mrs. Louise Gully, who, at the time of the

commission of this offense was 16 or 17 years of age, was, about the hour of 7:30 p. m. on the 20th day of January, 1932, on her way home in Paducah with her husband, Eugene Gully. As they were walking along near 28th and Norton streets, a green Chevrolet coupe with the windows broken out and the handle of the door broken off drove up. There were two men in the machine. They asked Mr. Gully where some people by the name of Duncan lived. He replied that he did not know and turned to ask his wife if she knew. On looking up, she discovered that her husband was covered by revolvers held by these men. In fright, she ran off down the street a piece but turned and came back. The two men thereupon forced her and her husband into the machine with them and then drove off down the street, out of the city, and into the country. At some distance from the city, the husband was forced out of the machine and left by the roadside. The machine was thereupon driven a further distance into the country and then the prosecutrix was assaulted by the two men. They left her in the road and drove off. Her husband as soon as he could make his way to a telephone did so and called the police, and his wife as soon as she could find her way to a telephone did likewise. On the trial, the prosecutrix positively testified that the driver of the machine was a man by the name of H. L. Mulligan, and that the appellant, Joe Challenor, was his companion. Her husband testified as to the character of the car in which he and his wife were forced and also that the occupants of the car were Mulligan and Challenor. Now, it is true that the testimony of these two witnesses was much shaken by the testimony they gave before the grand jury immediately after the offense was said to have been committed, it appearing that at that time the prosecutrix testified that, although the driver of the car was Mulligan, she did not know who his companion was. However, she was positive even at that time that Mulligan was the driver of the car and she was positive in her description of that car. Appellant, who relied on an alibi for his defense, testified on the stand that on the night in question he was driving about the streets of Paducah from 6 o'clock until midnight with Mulligan in the character of car described by the prosecutrix. He did not produce Mulligan on the trial nor account for his absence. Even though the jury may not have given full credence to Mrs. Gully's

identification of the appellant as her assailant, yet as she was positive that Mulligan was one of her assailants and so definitely described the car in which she was kidnapped, and as the appellant admitted being with Mulligan that night and in the character of car described by the prosecutrix and her husband, the jury would have been well warranted in finding that appellant was Mulligan's companion even though it disregarded the identification of him by Mrs. Gully. It is true that appellant produced a number of witnesses to show where he and Mulligan were during various hours of the evening from 6 until 12, and it is true that if the jury believed these witnesses the appellant was not guilty of the offense charged. But there were some weaknesses in the alibi, such as the part where appellant claimed to have visited a man by the name of Cox twice in the course of the evening, the second time to take him some cigarettes because, as appellant claims, Cox was ill, although Cox had made no request for cigarettes and there seemed to be no particular reason why appellant should have gone back at the strategic hour he did to take these cigarettes. Further, some of the links in this chain of his alibi were furnished by close relatives and the jury had a right to take into consideration their interest. However, after all it is for the jury to say which set of witnesses it believes, and, if it chose to disbelieve the alibi of the appellant, it was in their province so to do. Cook v. Commonwealth, 232 Ky. 613, 24 S. W. (2d) 269. Perceiving no error, the judgment is affirmed.