## HALE *v.* KENTUCKY.

No. 680.   Argued March 29, 1938.—Decided April 11, 1938.

*Messrs. Charles H. Houston* and *Leon A. Ransom* for petitioner.

*Mr. A. E. Funk,* Assistant Attorney General, with whom *Hubert Meredith,* Attorney General, of Kentucky, was on the brief, for respondent.

PER CURIAM.

Petitioner, a Negro, was indicted in 1936 for murder in McCracken County, Kentucky. He moved to set aside the indictment upon the ground that the jury commissioners had excluded from the list from which the grand jury was drawn all persons of African descent because of their race and color and thus denied to him the equal protection of the laws in violation of the Constitution of the United States. In support of his motion, he presented an affidavit showing that the population of McCracken County was approximately 48,000 of which 8,000 were Negroes; that the assessor's books for the county contained the names of approximately 6,000 white persons and 700 Negroes who were qualified for jury service in accordance with the Kentucky Statutes, § 2241; that the jury commissioners filled the wheel for jury service for 1936 with between 500 and 600 names exclusively of white citizens and that no Negro was excluded "because he was not an intelligent, sober, discreet and impartial citizen, resident housekeeper" of the county or not of the requisite age; that the failure to draw any Negro for service was not due to any of the disqualifications mentioned in the Kentucky Statutes, § 2248. The affidavit further stated that petitioner could prove by sheriffs of McCracken County, serving respectively from 1906 to 1936, that during their terms no Negroes had been summoned for service on any grand or petit jury in the county nor was the name of any Negro placed in the hands of the sheriff to be so summoned; also that petitioner could prove by federal officials that for many years prior to 1936 Negro citizens of the county had served on juries in the federal court at Paducah; also that petitioner could

prove by many named citizens of standing in the community that for a long period of years there were Negroes who were citizens of the county and qualified for service on juries in the state court. Petitioner alleged that the proof would show "a long continued, unvarying and wholesale exclusion of Negroes from jury service in this County on account of their race and color," and that this practice had been "systematic and arbitrary" on the part of the officers and commissioners selecting names for jury service for a period of fifty years or longer.

Petitioner filed a supplemental affidavit stating that he had learned that in one case in the state court in 1921 the trial judge had directed a Negro jury to be summoned from bystanders, but that those Negro jurors were not on the jury panel.

The attorney for the State stipulated that the original and supplemental affidavits should be considered as evidence and that the witnesses named would testify as therein set forth. No evidence to the contrary was introduced by the State. The motion to set aside the indictment was overruled. Petitioner then moved to discharge the entire panel of the jury for cause, upon the same facts, and the motion was denied.

Petitioner, having reserved his exceptions, pleaded not guilty and the trial proceeded. He was convicted and sentenced to death. The judgment was affirmed by the Court of Appeals of the State. 269 Ky. 743; 108 S. W. 2d 716. It appears from an affidavit of the clerk of the circuit court of McCracken County that by inadvertence a copy of the motion to set aside the indictment was omitted from the record before the Court of Appeals. That court, after a summary of the facts shown by the record said that the case was one "where the proof might be regarded as sufficient to sustain the ground upon which the motion was evidently made, but there is wanting in the record a sufficient statement of those grounds to per-

mit the introduction of that proof. The failure so pointed out is analogous," the court said, "to a case where there is proof without pleading, and the rule is that 'pleading without proof or proof without pleading' are each unavailable."

On petition for rehearing, the motion which had been omitted from the record was brought to the attention of the Court of Appeals. Rehearing was denied. On petition to this Court for certiorari the parties stipulated that the motion to set aside the indictment as filed by petitioner in the trial court might be read and considered as a proper part of the record. Certiorari was granted.

On argument at this bar, the Attorney General of the State expressly disclaimed reliance upon the omission from the original record on appeal of the motion to set aside the indictment, as the fact of the motion had been brought to the attention of the Court of Appeals upon the application for rehearing, and conceded that if the facts set forth in the affidavits submitted upon that motion were sufficient to show a denial of constitutional right, the judgment should be reversed.

We are of the opinion that the affidavits, which by the stipulation of the State were to be taken as proof, and were uncontroverted, sufficed to show a systematic and arbitrary exclusion of Negroes from the jury lists solely because of their race or color, constituting a denial of the equal protection of the laws guaranteed to petitioner by the Fourteenth Amendment. *Neal* v. *Delaware,* 103 U. S. 370, 397; *Carter* v. *Texas,* 177 U. S. 442, 447; *Norris* v. *Alabama,* 294 U. S. 587.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed.*

MR. JUSTICE CARDOZO took no part in the consideration and decision of this case.