**WONG YIM v. UNITED STATES.**

No. 9227.

Circuit Court of Appeals, Ninth Circuit.

March 22, 1941.

Writ of Certiorari Denied June 2, 1941.

See 61 S.Ct. 1112, 85 L.Ed. ——.

Thomas M. Waddoups, of Honolulu, T. H., for appellant.

Ingram M. Stainback, U. S. Atty., and Angus M. Taylor, Jr., Asst. U. S. Atty., both of Honolulu, T. H., and Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

Appellant was indicted with two others, in count 1, for conspiring to violate 21 U.S.C.A. § 174 (relating to importation of narcotics), in counts 2 and 3, for violating 21 U.S.C.A. § 174. A fourth count was dismissed.

Prior to the trial, appellant applied for a commission of dedimus potestatem to take the depositions of one Kwock Jung Fong, to whom appellant had sent money for his sister-in-law, Loo Shee, and the latter. Appellant stated in his application that he had sent money to Kwock Jung Fong for Loo Shee, in order to get Loo Shee out of danger from war and into the United States; that Loo Shee could not come to the United States because of the restrictions of the immigration laws, and that upon so learning, Loo Shee cabled appellant

"Not Come" meaning that she was not coming to the United States; that appellant feared the telegram would be used by appellee as meaning that a shipment of opium was not coming; that "in order to prevent a failure of justice" it was absolutely necessary to have the testimony of the witnesses mentioned to explain the telegram.

The application was made pursuant to 28 U.S.C.A. § 644, which provides in part: "In any case where it is necessary, in order to prevent a failure or delay of justice, any of the courts of the United States may grant a dedimus potestatem to take depositions according to common usage * * *."

Upon hearing of the application the government read a telegram which was not identified, but apparently sent by Kwock Jung Fong.

Appellant also moved to quash the venire on the ground that the venire of jurors was not representative of the citizenry. It appeared that of the panel of 35 jurors, 32 were American or other Caucasian ancestry, one was of Chinese ancestry and two were of Caucasian-Hawaiian ancestry. The population of the citizenry of the particular island is in the following approximate percentages as to ancestry:

| American | between 21 and 22% |
| Hawaiian | " 18 " 19% |
| Japanese | " 18 " 19% |
| Portugese | " 13 " 14% |
| Chinese | " 11 " 12% |
| Part-Hawaiian | " 8 " 9% |
| Others | " 5 " 6% |

There was no evidence that any particular racial group was excluded as jurors.

After dismissal of the fourth count, appellant was convicted on the three remaining counts, and appeals.

■ Appellant contends that the court erred in denying his application for dedimus potestatem. Although the statute under which the application was made is an old one, few questions under it have arisen. The statute says that the courts "may" grant a dedimus potestatem, thus leaving the granting thereof to the discretion of the court. However that discretion may be exercised only in a "case where it is necessary, in order to prevent a failure or delay of justice". If such necessity does not appear, the statute gives no authority to the courts to grant the dedimus potestatem, and any application therefor should of necessity be denied. The question presented here is whether appellant has shown a necessity for the dedimus potestatem "in order to prevent a failure or delay of justice".

The application shows no such necessity, we think. If the testimony of the two witnesses would be conclusive then it might be argued that a failure of justice would be prevented. However, such is not the case, for the jury (the exclusive judge of the credibility of witnesses) might choose to disbelieve such witnesses. In such an event, the dedimus potestatem of either witness or both, would not "prevent a failure or delay of justice". We think that under these circumstances the application did not require the exercise of discretion, but should have been, as it properly was, denied for failure to show the required necessity.

With regard to the telegram, appellant claims that the court erred in permitting its introduction. The telegram was not introduced at the trial, so no error may arise in that connection. With respect to the application, since we have held that the application was properly denied because the application alone fails to make the proper showing, the telegram becomes wholly immaterial.

Appellant also contends that the court erred in denying the motion to quash the venire. Appellant contends that the jury selected to try him must itself be representative, i. e. represent each nationality in the territory. Rev.Laws of Hawaii, 1935, §§ 3718, 3719, 3732 provide that the Jury Commissioners of a particular circuit shall consist of two citizens, appointed by the judges of the circuit courts of the territory, and the circuit judge of each circuit; that such commissioners shall select a list of 100 citizens to serve as trial jurors; that the names shall be placed on papers which are folded, and placed in a box; that a panel for a particular term shall be drawn therefrom by the clerk, one at a time, in the presence of the judge; and that the list made "shall be made without reference to the political affiliations or to the race or place of nativity of citizens with a view to obtain list representative of the qualified citizenry of each circuit". The quoted language refers to the list of citizens selected by the jury commissioners.

■ The mere fact that the trial jurors drawn from the list did not contain the

various percentages of persons of a particular nativity, does not show that the list itself violated the statute. There remains the question, however, as to whether or not there was a violation of the due process clause of the Constitution. Neither party discusses the question as to whether such clause is applicable to the Territory of Hawaii, but we assume it is.

The rule is that a violation of the clause occurs if in the jury there is a systematic or arbitrary exclusion of, or a discrimination between, persons of a particular race. Smith v. Texas, 311 U.S. 128, 61 S.Ct. 164, 85 L.Ed. ——, November 25, 1940; Pierre v. Louisiana, 306 U.S. 354, 59 S.Ct. 536, 83 L.Ed. 757; Hale v. Kentucky, 303 U.S. 613, 58 S.Ct. 753, 82 L.Ed. 1050; Norris v. Alabama, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074. In the instant case, there is no evidence to show that the trial jury drawn from the box was obtained either by discrimination or by excluding any name, and the mere fact that the jurors drawn from the list represented only certain races, does not show that the list was made to include only two or three races, or that it was in any manner discriminatory. There being no other evidence on the point, we must hold the contention to be unsound.

Other assignments are not argued in the brief, and are deemed abandoned. Utley v. United States, 9 Cir., 115 F.2d 117, 118.

Affirmed.