**UNITED STATES v. DUNN.**

District Court, S. D. New York.

March 22, 1944.

James B. M. McNally, U. S. Atty., and Martin J. McLaughlin, Asst. U. S. Atty., both of New York City, for United States.

Morris Rosoff, of New York City, for defendant.

MOSCOWITZ, District Judge.

This is a motion by defendant for a commission dedimus potestatem, pursuant to 28 U.S.C.A. § 644,[1] to take the depositions of two specifically named persons resident in Buenos Aires, Argentina.

The defendant is charged by information in three counts with violation of Section 205 of the Federal Seed Act, 7 U.S. C.A. § 1575, and more particularly with disseminating and causing to be disseminated a false advertisement representing seed for sale as "Dwarf Essex Type Rape Seed", whereas in fact the said seed was not of this type but was an annual rape seed not suitable for forage purposes.

The Government opposes the application on the ground that it is not necessary to establish guilty knowledge or intent to prove the violation charged and that the depositions are sought merely to show reliance by the defendant on representations made by his suppliers in Argentina. The statute which is alleged to have been violated is malum prohibitum and intent is not an element of the crime of violating it; if the defendant were seeking to prove that the persons in Argentina vouched the seeds to be of the type advertised and that he, the defendant, acted solely in reliance upon the statements made to him, having no independent knowledge, clearly the depositions would be superfluous. But the defendant denies that this is his purpose in requesting the depositions and counters that he wishes to show that the seed he is accused of having falsely advertised is in fact "Dwarf Essex Type Rape Seed" as represented and has the properties of the product so designated.

 Although there is some division amongst the cases, the weight of authority favors the construction of the statute, since it says "in any case", which holds that courts have the power to grant commissions to defendants to take depositions in criminal cases. Wong Yim v. United States, 9 Cir., 1941, 118 F.2d 667, certiorari denied 313 U.S. 589, 61 S.Ct. 1112, 85 L. Ed. 1544; United States v. Hoffman, D. C.,S.D.,N.Y., 1938, 24 F.Supp. 847; United States v. Cameron, C.C., 15 F. 794; United States v. Wilder, C.C., 14 F. 393. However, the discretion of the court can only

[1] The statute, insofar as pertinent, reads: "In any case where it is necessary, in order to prevent a failure or delay of justice, any of the courts of the United States may grant a dedimus potestatem to take depositions according to common usage; * * * ."

be exercised in the event that the defendant sustains the burden which is placed upon him of proving that the deposition is "necessary, in order to prevent a failure or delay of justice" Wong Yim v. United States, supra [118 F.2d 668].

Annexed to the papers in opposition, the Government offers an affidavit of William A. Davidson, Chief of the Seed Division of the Green Products Branch of the Office of Distribution of the War Food Administration, setting forth a list of persons, some employed by various branches of the government and others not in government employ, who are qualified by training and experience to testify to the identity and properties of the various species of seed, including "Dwarf Essex Type Rape". Since the availability to the defendant of these and probably other experts in the United States to establish his defense is not denied by him, he has not sustained his burden to the satisfaction of the court. Rather than being necessary to prevent the delay of justice, it appears that granting of the application would unduly postpone the trial of the merits.

The motion is denied. Settle order on notice.