## Gilchrist v. Commonwealth.

October 18, 1949.

Harris & Drury for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

JUDGE HELM—Reversing.

Appellant, charged with the wilful murder of Curtis Snell, was found guilty of manslaughter and her punishment fixed at five years in prison.

On the call of the case on October 19, 1948, the appellant tendered her motion to quash the indictment on the grounds: That she "is a negro;" that the indictment was returned by jurors "made up entirely of white people;" that members of the colored race, many of whom are qualified and eligible to serve on juries, had been long and unfailingly excluded from jury service in Union County; that no colored person within "the memory of any living man in Union County * * * has been drawn or selected as a juror to serve on any jury * * * in Union County;" that "this practice has been systematic * * * on the part of the * * * commissioners selecting the list for jury service * * *;" that by reason of "such discrimination she has been deprived of her rights * * * as set forth in the Constitution of the United States."

The motion to quash was overruled on October 29, 1948. The case was set for trial May 31, 1949. On that day, appellant filed a motion renewing her motion "to quash the indictment and the panel of the petit jury for the reasons heretofore set out in said motion," and in support of the motion filed affidavit of W. H. Lindo, Clerk of the Union Circuit Court, as follows:

"The affiant, W. H. Lindo, says he is Clerk of the Union Circuit Court, and has been for 27 years and during all of his term of office no Negro has ever been sum-

moned or served as a grand or petit juror; that Union County, Kentucky, has a large Negro population, some of whom are qualified for jury service and some of whom have been summoned and served on Federal Juries.

"Witness affiant's hand on this the 31st. day of May, 1949.

"W. H. Lindo

"Clerk of the Union Circuit Court"
and filed affidavits of Talbot Berry and E. R. Morton, attorneys, and J. H. Lamond, tax commissioner, of like tenor.

On June 3, 1948, appellant filed motion and grounds for a new trial because the court overruled her motion to quash the indictment, and because the court overruled her motion to discharge the petit jury empaneled to try this case. On the same day, the Commonwealth's attorney tendered the affidavit of W. C. Bland, jury commissioner, as follows:

"The affiant, W. C. Bland, being first duly sworn deposes and says he is 73 years of age, a resident and housekeeper of Morganfield, Union County, Kentucky, and that he has been a resident and housekeeper of Union County, Kentucky, for 53 years; that on the 13th day of September, 1948, he was appointed to act as one of the Jury Commissioners of Union County, Kentucky, by Honorable M. L. Blackwell, Judge of the Union Circuit Court, to act with Louis Pritchett, and Frank C. Rapier, as Jury Commissioners for the ensuing year; that pursuant to said appointment they met in the Union Circuit Court Room in Morganfield, Kentucky, on the 13th day of September, 1948, and were duly sworn in open court to faithfully discharge their duties as such; that they were instructed by Judge Blackwell to fill the jury wheel with the names of residents of Union County taken from the tax list of the tax assessor of Union County and that said citizens should be intelligent and discreet housekeepers of the County, over 21 years of age; that Judge Blackwell's instructions were followed and we filled said wheel according to his instructions; that no instructions were given them to exclude from the jury wheel colored persons or persons of African descent and there was no discussion among them while

carrying out their duties regarding the exclusion from said jury wheel of colored persons or persons of African descent; that the fact of whether or not a person of the colored race or a person of African descent should go in the jury wheel was not mentioned by Judge Blackwell or by us in any way; that insofar as this affiant knows the names of some citizens of the colored race or of African descent could have been placed in the wheel because there were several names placed in the wheel of persons this affiant was not acquainted with; that in considering the qualifications of a prospective juror the question of whether or not he was colored, a Negro or a person of African descent was not considered or mentioned.

"Further deponent sayeth not.

"W. C. Bland"

and tendered affidavits of Louis Pritchett and Frank C. Rapier, jury commissioners, to the same effect. Appellant objected to the filing of the affidavits, which motion was sustained, to which ruling the Commonwealth excepted.

Appellant, in her brief, assigns one error:

"This appeal is not from the verdict of the jury but involves one point only and that is that the trial court erred in refusing to quash the indictment because of the fact that no Negroes had ever been selected or summoned for Grand Jury service during the memory of any man now living.

"As shown in the motion, the appellant is a Negro and felt aggrieved at the fact that her trial was held on an indictment returned by a jury panel composed of the white race and who were selected by a jury commission composed entirely of the white race."

In Hale v. Commonwealth of Kentucky, 303 U. S. 613, 58 S. Ct. 753, 82 L. Ed. 1050, the Supreme Court held that in prosecution of Negro for murder, uncontroverted affidavits in support of motion to set aside indictment showing that 8,000 of county's population of 48,000 were Negroes, that assessor's books contained names of about 700 Negroes qualified for jury service, that jury commissioners filled wheel for jury service for 1936 with between 500 and 600 names exclusively of

white citizens, that no Negroes had been summoned for grand or petit jury service from 1906 to 1936, and that for many years before 1936 Negroes had served on juries in federal court, showed a systematic and arbitrary exclusion of Negroes from jury lists solely because of their race or color, constituting a denial of the "equal protection of the laws" guaranteed by the Fourteenth Amendment.

According to the construction of the Supreme Court, the affidavits filed in this case are sufficient to show a systematic exclusion of Negroes from the jury lists of Union County because of their race, constituting a denial of the equal protection of the laws guaranteed to appellant by the Fourteenth Amendment. See Hale v. Commonwealth of Kentucky, supra; Hale v. Commonwealth, 269 Ky. 743, 108 S. W. 2d 716; 5 Kentucky Digest, Constitutional Law, Key 250; Norris v. Alabama, 294 U. S. 587, 55 S. Ct. 579, 79 L. Ed. 1074.

The judgment of the Circuit Court is reversed with directions to grant appellant a new trial, and for proceedings not inconsistent with this opinion.