Curlee BROWN, Plaintiff,

v.

Ross RUTTER, F. H. Trewolia and Floyd Jett, Jury Commissioners of McCracken County, Kentucky; and Russell Jones, Sheriff of Said County, Defendants.

### Civ. A. No. 820.

United States District Court
W. D. Kentucky, at Paducah.
March 22, 1956.

Joseph S. Freeland, Paducah, Ky., for plaintiff.

W. Pelham McMurry, Paducah, Ky., for defendants.

SHELBOURNE, Chief Judge.

This suit was filed February 9, 1955, by the plaintiff Curlee Brown, a member of the Negro race and a citizen and registered voter of McCracken County, Kentucky, a representative of a large class of Negroes, citizens and persons possessing all the legal qualifications for service on the grand and petit juries selected for the County.

The defendants are the three Jury Commissioners and the Sheriff of the County. The Jury Commissioners are appointed by the Judge of the Mc-Cracken Circuit and upon his order, designating the time and place, the Commissioners meet annually and select from the current voters' registration records and/or the last returned tax records of the County, the names of one thousand persons qualified for jury service. The names of the persons so selected are written upon slips of paper and placed in a drum or wheel from which the names are subsequently publicly drawn by the Judge of the Court for grand and petit jury service in the Circuit Court. No person is eligible as such juror unless his name has been selected by the Commissioners, placed in the jury wheel or drum and subsequently withdrawn therefrom by the Judge, except under certain conditions specified in the statute, there devolves upon the Sheriff the duty to select bystander jurors. No juror is or can be selected except under one of these two methods.

Claiming that the defendants are maintaining a custom established by their predecessors in office, of long standing, to systematically exclude qualfied Negroes from jury service by failing to place their names in the jury wheel and to summon them as bystander jurors, solely because of their race or color, the plaintiff invokes the jurisdiction of this Court under Title 28, Section 1343, Title 8, Sections 41 and 43 [1] and Title 18, Section 243, United States Code, praying an injunction

1. Now 42 U.S.C.A. §§ 1981, 1983.

against defendants and their successors in office from maintaining and enforcing the alleged custom and practice of excluding the qualified Negro citizens of the County from jury service, and mandatorily enjoin defendants to place the names of qualified Negroes in the jury wheel or drum and to summon them as bystander jurors without discrimination because of their race or color.

The defendants filed a motion to dismiss which was overruled and then filed answer which, except for the allegations with respect to defendants' office status and duties, denied, either outright or because of alleged lack of knowledge, the allegations of the complaint.

From the stipulation of facts, the response to plaintiff's requests for admissions and the testimony heard at the trial, the Court makes the following—

Findings of Fact

1. The Court has jurisdiction of the parties and the subject matter involved in this action.

2. Plaintiff, Curlee Brown, is a Negro, a citizen and resident of McCracken County, Kentucky, a registered voter and legally qualified for grand and petit jury service in the Circuit Court of said County.

3. From the 1950 Federal Census the population of McCracken County was 49,137 of which 5,964 were Negroes, a large number of whom are admittedly eligible and qualified for jury service should their names be placed in the drum or wheel and selected by the Commissioners or summoned as bystanders by the Sheriff.

4. The plaintiff, Curlee Brown, is a representative of this class of Negroes and is entitled to bring this action on behalf of himself and other members of the Negro population, similarly situated and qualified.

5. From January 1, 1948 to October 25, 1955, all of the persons whose names have been drawn from the jury wheel or drum of the McCracken Circuit Court and who have been thereafter summoned for jury service and appeared for service in response to the summons have been white persons with the exception of one Negro whose name was drawn and he was summoned and appeared in response to such summons in March 1952.

6. In the year 1955, the Jury Commissioners selected and placed in the jury wheel 1,000 names of persons qualified for jury service.

At the time of the trial of this case, November 1, 1955, 398 names had been withdrawn from the wheel and the persons summoned for jury service. No one so summoned was a Negro. The evidence of these facts placed the burden on the defendant, Jury Commissioners to refute the necessary conclusion of discrimination. Reece v. State of Georgia, 350 U.S. 85, 76 S.Ct. 167. Their mere assertion that they have not knowingly discriminated is not sufficient refutation.

7. The evidence with respect to the Sheriff indicates that in no instance, prior to the filing of this suit, did he summon as bystander jurors or jurors for trials in the County and Quarterly Courts, Negroes except on one occasion in 1954, when a Negro defendant on trial in a criminal action raised the question of the legality of the jury panels, both grand and petit, because of the custom and practice of exclusion of Negroes therefrom, and the Circuit Judge advised the Sheriff to include Negroes in the bystanders to be summoned by him.

8. From the evidence in this case and the history of selection of juries, as reflected in the record of Hale v. Commonwealth of Kentucky, 303 U.S. 613, 58 S.Ct. 753, 82 L.Ed. 1050, it is apparent that there has existed for many years a custom and practice in McCracken County to discriminate against legally qualified Negro jurors by failing and refusing to place their names in the wheel or drum from which their names could be drawn and by failing

and refusing to summon them as bystander jurors and for members of trial juries in the inferior courts. This custom and practice has been maintained by the defendants in this action.

## Conclusions of Law

1. In the case of Cassell v. State of Texas, 339 U.S. 282, 289, 70 S.Ct. 629, 94 L.Ed. 839, the Supreme Court says that it is the duty of jury commissioners when appointed as judicial administrative officials, to familiarize themselves with the qualifications of the eligible jurors of the County without regard to race or color, and that the jurors should be selected as individuals on the basis of individual qualifications, not as members of a race, so that in the end an accused would have the charges against him considered by a jury in the selection of which there has been neither inclusion or exclusion because of race.

The case of Hale v. Commonwealth of Kentucky, 303 U.S. 613, 58 S.Ct. 753, 82 L.Ed. 1050, decided in March 1938, involved the selection of jurors in McCracken County, Kentucky. In the case it was alleged and undisputed by the prosecution that a long-continued practice for fifty years or longer had prevailed in that County by which Negroes were excluded from jury service on account of their race and color and the judgment of conviction of the State Court was reversed because of the proven, systematic and arbitrary exclusion of Negroes from the jury list on account of their race and color.

In the case of Cassell v. State of Texas, supra, Mr. Justice Jackson said in a dissenting opinion [339 U.S. 282, 70 S.Ct. 640]—

"Qualified Negroes excluded by discrimination have available, in addition, remedies in courts of equity. I suppose there is no doubt, and if there is this Court can dispel it, that a citizen or a class of citizens unlawfully excluded from jury service could maintain in a federal court an individual or a class action for an injunction or mandamus

against the state officers responsible."

Finally, on December 5 last, the case of Reece v. State of Georgia, 350 U.S. 85, 76 S.Ct. 167, 170 was decided by the Supreme Court. In the County in Georgia, the 1950 census showed a white population of 55,606 and a Negro population of 6,224. It was alleged there were 534 names on the Grand Jury list and of this number only six were Negroes. None of the witnesses testifying in the case had ever heard of any Negroes serving on the Grand Jury in the County. The Clerk and the Deputy Clerk of the Court testified the jury boxes had been revised in 1952 and that there was no discrimination or systematic exclusion of Negroes from the Grand Jury list. Six Negroes were on the list but none of the witnesses had ever known of a Negro to serve on a Grand Jury in that County.

The Supreme Court said—

"This evidence, without more, is sufficient to make a strong showing of systematic exclusion."

And added—

"This evidence placed the burden on the State to refute it, Patton v. State of Mississippi, supra [332 U.S. 463, 68 S.Ct. 187, 92 L.Ed. 76], and mere assertions of public officials that there has not been discrimination will not suffice."

■ Valid jury selection is a constitutionally protected right.

■ Measured by these principles of long standing and those clearly laid down by the Supreme Court, the facts in this case point conclusively that the plaintiff is entitled to the relief in his complaint sought.

It should be said to the credit of the Jury Commissioners that in their testimony in this case, they have each and all evinced a desire and willingness to select the juries in accordance with the requirements of the law and their statements in their testimony and the statements of their counsel in his briefs in-

dicate that such practice and custom of exclusion of Negroes as may have existed in the past will not be repeated by them in the future.

The Court therefore concludes that the plaintiff is entitled to the injunction sought, but defers issuing an injunction to await the outcome of the Commissioners' recent action in the selection of the jury pool for 1956.

The respect which the National and State Courts have for each other and the hesitancy to interfere with the administration of the affairs of one Court by the other, are such that the Court feels that no injunction should issue at this time until a showing is made that the custom and practice complained of here is being perpetuated.

The case will remain on the docket, with the right of either party, upon reasonable notice to apply for such writs or orders as are necessary to carry this judgment into effect.