**AMERICAN INFRA-RED RADIANT CO., Inc., a Delaware Corporation and Hupp Corporation, a Virginia Corporation, Plaintiffs,**

v.

**LAMBERT INDUSTRIES, INC., a Minnesota Corporation, Defendant.**

**Civ. No. 5-61-51.**

United States District Court
D. Minnesota,
Fifth Division.

Jan. 23, 1963.

Wheeler, Burns & Buchanan, by Herbert M. Burns, Duluth, Minn., Strauch, Nolan & Neale, by William A. Strauch, Washington, D. C., for plaintiffs.

Merchant, Merchant & Gould, by John D. Gould, Minneapolis, Minn., for defendant.

DONOVAN, District Judge.

This is a suit for infringement of letters patent on certain radiation and gas burners. It is alleged that defendant has been and still is infringing said letters patent by making, selling and using or causing to be made, sold and used burners and components embodying the patented inventions, and will continue to do so unless enjoined by this court.

Preliminary to trial at the May 1963 General Term of Court, plaintiffs move the court (1) for letters rogatory to take the depositions of Otto Heimerl, Dr. Habil W. Linke and Herbert Mullejans, all German nationals residing in Germany, and (2) to amend the complaint to include Industrial Ceramics, Inc., as a defendant. The motions will be considered and ruled on in the above order.

1. Motion for letters rogatory.

Plaintiffs move for letters rogatory in order that they may establish by expert testimony (a) the novelty of the patents' teaching in the art to which they relate (b) the standing of the inventions in their relationship to the art which preceded them (c) the public acquiescence, imitation and acceptance accorded the invention by those in the art who use or market the invention and (d) the identity in structure, mode of operation and result of the accused structures and the structure defined by the claims of the patents in suit.

Defendant contends that letters rogatory should not be issued because the subject matter is such that it could be more easily and efficiently handled by the appearance of the expert in court. The difficulty of cross-examination is stressed. Defendant also asserts that the commercial success of the structures of the patents in suit can be adequately testified to by plaintiffs since they are at the present time actively engaged in the manufacture and sale of this product in the United States. Defendant further contends that testimony concerning the results of tests made in Germany is unnecessary and should not be allowed because tests can be made in the United States to verify the German tests, and the testing experts will then be available.

Plaintiffs, answering said contentions, point out that the persons to be examined by the requested letters rogatory are German nationals residing in Germany and that they will not make themselves available to this court for personal and business reasons. That these persons are the recognized authorities on the inventions in question and are in a unique position to understand the inventions, their relationship to the art and acceptance. That these inventions were developed in Germany and the persons to be examined have wide experience in dealing with and testing the inventions. Further plaintiffs contend that there is not expert testimony of the same stature in experience or qualification available in this country and that these experts must be examined in order that the four points above listed can be adequately proved.

■ As a rule letters rogatory are not issued to evoke expert testimony where there is adequate expert testimony available.[1] However, in Dunn, the defendant did not deny the availability of expert testimony in the United States. Here the moving parties claim that there are no experts in the United States who could testify. The fact that defendant used foreign sources of supply except for an unsatisfactory local supplier seems to indicate that there is not as high a level of proficiency in this art in the United States as there is abroad.

It has been held that although it is not the policy of the courts to allow depositions to be taken of persons in foreign countries for the purpose of getting expert testimony, such a deposition may be allowed where expert testimony would not otherwise be available.[2] In Holliday, the court allowed deposition by commission to get expert testimony. The reasoning adopted by the court in Holliday would also apply to letters rogatory if a commission were unavailable. The mere fact that it would be more convenient if all testimony were given in open court is not sufficient reason for refusing to allow the deposition to be taken in a foreign country.[3] Here the plaintiffs assert, and the defendant does not deny, that a commission is not an acceptable method of taking testimony in West Germany. Letters rogatory seem to be the only available method for securing the needed testimony.

In the last analysis, the trier of the facts may consider testimony of witnesses who are expert on certain subjects having to do with issues in the case being tried, which is based on their knowledge of the subject matter in issue. The ultimate weight to be given said expert opinions rests with the court or jury, as the case may be, and given such weight as the trier of the facts sees fit to adopt without surrendering its own judgment to that of the expert witness.

■ The motion of plaintiffs to take letters rogatory is granted, conditioned on the same being completed, returned and filed with the Clerk of this court in time for trial at the May 1963 term of the court.

It is so ordered.

2. Plaintiffs' motion to amend the complaint to include Industrial Ceramics, Inc., as a party defendant.

■ Under Rule 15(a) of the Federal Rules of Civil Procedure, parties may amend their pleadings after a responsive pleading only with the consent of the court. Plaintiffs wish to amend their complaint to include as a party defendant Industrial Ceramics, Inc., a corporation, which was not in existence at the time this suit was commenced. Examination of the file discloses that this corporation is engaged in the production of one of the accused structures which it supplies to

---

1. United States v. Dunn, 55 F.Supp. 535 (D.C.N.Y.1944).

2. Holliday & Sons, Limited v. Schultzeberge, 57 F. 660 (C.C.S.D.N.Y.).

3. Claude Neon Lights v. Rainbow Light, 47 F.2d 345 (D.C.N.Y.).

the defendant Lambert Industries, Inc. Plaintiffs claim that to obtain full relief, it will be necessary to join Industrial Ceramics, Inc. Plaintiffs assert that the same proofs will be involved as would be involved in a suit against Lambert Industries, Inc., alone. Plaintiffs also claim that since both corporations are wholly owned by defendant Agard L. Lambert, the proposed defendant could adopt the pleadings of Lambert Industries, Inc. Plaintiffs indicate that they would have to commence a separate suit against Industrial Ceramics, Inc., if it is not joined in this suit, and that the cost to the parties and the government of separate trials can be saved by granting plaintiffs' motion. The only real objection to the motion is that a delay will be caused in the present suit which would not be justified.

The motion to amend the complaint is granted conditioned on defendant's right to a continuance over the term if additional time is needed by defendant to prepare for trial.

It is so ordered.

Defendant is allowed an exception.